IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Rudolph B. Tyler, Jr. | ) | |
|    Plaintiff, | ) | |
|    v . | ) | C.A. No. |
| DIAMOND STATE PORT CORPORATION, a Delaware corporation; | ) ) ) | TRIAL BY JURY DEMANDED |
|    Defendant. | ) | |

COMPLAINT

1.  Plaintiff Rudolph B. Tyler, Jr. (hereinafter "Plaintiff") is a resident of the State of Delaware, residing at 1302 Maryland Avenue Wilmington, DE 19805.

2.  Defendant Diamond State Port Corporation (hereinafter "DSPC") is a Delaware corporation whose registered agent for service of process is Diamond State Port Corporation, Robert F. Senseny Building, 1 Hausel Road, Wilmington, Delaware 19801.

3.  Defendant DSPC is an employment agency, as that term is defined by 42 U.S.C. §2000e (c), as well as an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act.

4.  Plaintiff was employed at the Port of Wilmington that is owned and operated by the DSPC and is located in Delaware.

5.  This action is brought for discrimination in employment pursuant to Jurisdiction conferred through Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender), Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634, 42 USC 1981 and Constitutional Due Process and Equal Protection.

6. Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

7. A charge was dual filed with the Equal Employment Opportunity Commission and Delaware Department of Labor on August 15, 2016 (Attached).

8. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter on November 3, 2017 (Attached).

9. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the DSPC discriminatory conduct 60 days have elapsed.

10. Plaintiff was employed, full-time, as Warehouse Supervisor by the Diamond State Port Corporation from January I, 2005 through May 26, 2016.

11. He was discharged from his position of employment.

12. During March, 2016, Employer's representative received an anonymous tip that a specific employee was paid for time during which they were not physically present on the job site.

13. The representative launched an investigation and during the investigation, a letter was forwarded to the Executive Director regarding the matter.

14. Both the Executive Director and the representative decided to continue the investigation.

15. Through the investigation, it became apparent that there were discrepancies in times for the specific employee between the times entered in the pay system by the Plaintiff (as the employee's supervisor) and the Port's security scan system time/date stamps.

16. There were in excess of 40 discrepancies.

17. Plaintiff was confronted regarding the matter and had no explanation.

18. Plaintiff informed the Employer that the turn style used at the gate was not actually intended as a time clock, that it has been broken several times, and that employees may be rushed in without presenting security badges if traffic is an issue.

19. DSPC conceded that there are incidents in which employees arc pushed through and not properly scanned in at the security gate.

20. There was no evidence of an outside of work relationship between the Plaintiff and the employee at issue.

21. Employer failed to conclusively establish the existence of a consistently enforced policy of which the Plaintiff was aware and of which he was in violation.

22. Plaintiff was discharged from his employment without just cause in connection with the scope of his employment.

23. DSPC is a public instrumentality of the State of Delaware that is required to extend due process rights to its employees in reaching negative employment actions.

24. There were discrepancies regarding other employees and none of the other supervisors were terminated.

25. Arbitrary decision making on the part of the DSPC took place.

26. Equal protection requirements were ignored.

27. Plaintiff was never given notice about any allegations of misconduct made against him or given any opportunity to confront evidence or witnesses against him.

28. DSPC failed to provide notice.

29. DSPC failed to provide an opportunity to be heard.

30. Plaintiff is in the following protected classes: Race, Sex, and Age.

31. Plaintiff was retaliated against by a white manager on an ongoing basis from 2015-2016.

32. Plaintiff was the recipient of adverse employment actions in the form of wages, terms and conditions of employment, and discharge.

33. A black female Supervisor was not terminated was not discharged for improperly paying employees and showing favoritism to family members.

34. Plaintiff was discharged do his protected class status.

35. Plaintiff was retaliated against for engaging in the protected activity of bringing the discriminatory actions of the DSPC to the attention of management.

36. Plaintiff is timely filing this Complaint within ninety (90) days of his receipt of said Notices of Right to Sue.

37. As a direct result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

Emotional distress and anguish;

Back pay, including interest;

Compensatory damages;

Inconvenience;

Loss of employee benefits;

Loss of enjoyment of life;

Other non-pecuniary injury;

Punitive damages;

Loss of reputation;

Future economic loss;

Pre-judgment and post-judgment interest;

Attorney's fees;

Costs;

Reinstatement or, in the alternative, front pay; and

Any other relief that this Court deems just.


/s/ Samuel L. Guy, Esq.
_____
Samuel L. Guy, Esq., ID #2709
SAMUEL L. GUY, ATTORNEY AT LAW
1601 Concord Pike, Suite 38C
P.O. Box 25464
Wilmington, DE 19899
Phone: 302-444-7195


February 1, 2018